UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LARRY FISHER                                                                                      PLAINTIFF

V.                                                              CIVIL ACTION NO.4:04CV321-WAP-JAD

DONALD CABANA, ET AL                                                                DEFENDANTS

## REPORT AND RECOMMENDATION

An evidentiary hearing was held before the undersigned on October 23, 2006, on the plaintiff's § 1983 complaint. In his complaint Fisher alleged that he was improperly fired from his job by Cheryl Skeen and that she retaliated against him by having his classification and housing assignment changed. He also alleged that certain personal property including several items of Nascar memorabilia were confiscated from his work place following his discharge and not returned to him. At trial he only presented evidence concerning his claim to be compensated for the lost items of personal property.

Fisher testified that he had worked in an office at Agriculture Enterprises for several years. Per Fisher he was allowed to have multiple pieces of Nascar memorabilia in the office including eight hats, racing photos and cards. He also had a box fan, legal materials, books and a radio at his work site. Fisher testified that most of his personal property had not been returned to him and that none of the Nascar memorabilia was returned to him.

Following his discharge from his job by Skeen, the K-9 Unit was called in to search his office. Officer Daves testified that he was one of the officers that conducted the search of the office. He testified that the allowable items identified as Fisher's were returned to him. He testified the collection of Nascar memorabilia would be contraband. He testified that the radio because of its

electronic components was turned over to the investigative division. Daves testified that neither Don Cabana, Stanley Brooks, nor Cheryl Skeen, the three defendants named in the complaint removed any personal property, to his knowledge from the office Fisher had occupied. He testified that he had seen the Nascar items for several years but assumed they belonged to a supervisor. He testified that one of the supervisors, but not any one of the defendants, in fact claimed to own and took at least some of the memorabilia.

Following this testimony, Fisher rested and the defense moved for judgment as a matter of law. Because Fisher failed to present any proof of any issue other than the loss of his personal property, the motion on the other claims should be granted. Fisher failed at trial to produce evidence that would support a finding that any one of the three named defendants had any personal involvement in the disappearance and/or destruction of his personal property, whether allowable or contraband. The defendants are therefore entitled to judgment as a matter of law.

It is recommended that judgment be entered in favor of all defendants and this action dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 30th day of May, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE